1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

CAROLYN SPROUL,                              )

9                                            )
                        Plaintiff,           )

10                                           )              3:10-cv-00801-RCJ-VPC
            vs.                              )

11                                           )
WASHOE BARTON MEDICAL CLINIC,                )              **ORDER**

12                                           )
                        Defendant.           )

13    _____       )

14        This case arises out of alleged age discrimination, Family Medical Leave Act ("FMLA")

15    violations, and unlawful retaliation.  Pending before the Court is Defendant's Motion to Dismiss

16    (ECF No. 5) and Plaintiff's Motion to Amend (ECF No. 10).  For the reasons given herein, the

17    Court grants the motion to dismiss in part and grants the motion to amend.

18    **I.      FACTS AND PROCEDURAL HISTORY**

19        Plaintiff Carolyn Sproul was injured on the job while working for Defendant Washoe

20    Barton Medical Clinic ("WBMC")[1] and sought workers compensation benefits. (Compl. ¶¶ 4–6,

21    Dec. 24, 2010, ECF No. 1).  After she returned to work, WBMC demoted her on January 7, 2008

22    and terminated her on or about March 31, 2009. (*Id.* ¶¶ 7–9).  At all relevant times, Plaintiff was

23    over forty years old, but Plaintiff was denied opportunities that persons substantially younger

24    _____

25        [1]Doing business as Carson Valley Medical Center.

1   received. (*Id.* ¶¶ 10–11).

2   Plaintiff sued Defendant in this Court on three causes of action: (1) FMLA violations; (2)

3   Age Discrimination in Employment Act ("ADEA") violations; and (3) "tortious retaliation and

4   discharge in violation of public policy."  Defendant has moved to dismiss for failure to exhaust

5   administrative remedies, failure to state a claim, and under the statute of limitations.

6   **II.     LEGAL STANDARDS**

7   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

8   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

9   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

10   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

11   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

12   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

13   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

14   failure to state a claim, dismissal is appropriate only when the complaint does not give the

15   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

16   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

17   sufficient to state a claim, the court will take all material allegations as true and construe them in

18   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

19   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

20   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

21   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

22   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

23   is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

24   550 U.S. at 555).

25   "Generally, a district court may not consider any material beyond the pleadings in ruling

1    on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

2    complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

3    *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

4    whose contents are alleged in a complaint and whose authenticity no party questions, but which

5    are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

6    motion to dismiss" without converting the motion to dismiss into a motion for summary

7    judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

8    of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

9    *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

10   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

11   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

12   Cir. 2001).

13   **III.    ANALYSIS**

14          **A.    FMLA**

15          Plaintiff alleges Defendant terminated her for requesting and taking leave off from work,

16   in violation of the FMLA. (*See* Compl. ¶¶ 18–20).  Under the FMLA, "an eligible employee

17   shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of

18   a serious health condition that makes the employee unable to perform the functions of the

19   position of such employee." 29 U.S.C. § 2612(a)(1)(D).  It is "unlawful for any employer to

20   interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided"

21   under subchapter I of Chapter 28 of Title 29 or "to discharge or in any other manner discriminate

22   against any individual for opposing any practice made unlawful" by subchapter I. *Id.*

23   § 2615(a)(1)–(2).  To establish a prima facie case of retaliation in violation of the FMLA, a

24   plaintiff must establish: (1) she engaged in a protected activity under the FMLA; (2) she suffered

25   adverse action by the employer following the protected activity; and (3) the adverse employment

1  action was causally linked to the protected activity. *Raymond v. Albertson's Inc.*, 38 F. Supp. 2d

2  866, 869 (D. Nev. 1999) (Rawlinson, J.).  The *McDonnell Douglas* burden-shifting framework

3  applies to an FMLA claim:

> [O]nce the employee has established a prima facie case, the burden shifts to the
> employer to articulate a legitimate nonretaliatory reason for its employment decision.
> Once the employer meets its burden, the employee must show that a material issue
> of fact exists regarding whether the employer's proffered reason for the challenged
> action is a pretext.

7  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)).

8  Defendant correctly notes that Plaintiff alleges no FMLA retaliation, because she does

9  not allege that she was retaliated against for opposing any employer practices that are unlawful

10  under FMLA. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003).  Her claim

11  must therefore be characterized as an interference claim, i.e., that Defendant interfered with her

12  rights under FMLA directly.  Plaintiff does not plead facts indicating that she attempted to take

13  leave under FMLA and was denied leave or fired for taking it.  She does not allege having been

14  fired for taking twelve or fewer workweeks of leave in a twelve month period related to a

15  "serious health condition that [made her] unable to perform the functions of [her] position."

16  Alternately, she could allege that she opposed some unlawful employer practice under FMLA

17  and that she was terminated therefor.  The Court will therefore dismiss this claim, with leave to

18  amend.

19  **B.    ADEA**

20  An ADEA plaintiff can establish a prima facie case by alleging that she was "(1) at least

21  forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by

22  substantially younger employees with equal or inferior qualifications or discharged under

23  circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle*

24  *Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citation and internal quotation marks

25  omitted).  In this Circuit, an ADEA plaintiff must meet certain prerequisites before filing suit but

1   need not exhaust all available administrative remedies.  The Ninth Circuit had previously held

2   that an ADEA claimant who appeals to an administrative agency for redress must then exhaust

3   her remedies with that agency before filing suit and cannot simply withdraw an administrative

4   complaint in order to sue. *See Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987).

5   However, the court later reversed itself in the face of an intervening regulation. *See Bak v. U.S.*

6   *Postal Serv.*, 52 F.3d 241, 243–44 (9th Cir. 1995) (citing 29 C.F.R. § 1613.513 (1987) ("The

7   filing of a civil action by an employee or applicant involving a complaint filed under this subpart

8   terminates processing of that complaint.")).  The *Bak* court stated:

9           In accord with the Second and Seventh Circuits, we hold that a claimant is
            no longer required to exhaust his administrative remedies with regard to an age
10          discrimination claim prior to filing a civil suit.

11          . . . .

12          Thus, we hold that the amended regulations eliminate the exhaustion requirement for
            age discrimination claims and vacate the district court's dismissal for lack of subject
13          matter jurisdiction and remand.

14  *Id.* at 244.  The code has been further amended, and the current language reads in relevant part:

15          (b)  An aggrieved person whose claims are the subject of a timely pending charge
            may file a civil action at any time after 60 days have elapsed from the filing of the
16          charge with the Commission (or as provided in § 1626.12) without waiting for a
            Notice of Dismissal or Termination to be issued.

17
            . . . .
18
            (d)  If the Commission becomes aware that the aggrieved person whose claim is the
19          subject of a pending ADEA charge has filed an ADEA lawsuit against the respondent
            named in the charge, it shall terminate further processing of the charge or portion of
20          the charge affecting that person unless [certain officials] or their designees determine
            at that time or at a later time that it would effectuate the purpose of the ADEA to
21          further process the charge.

22  29 C.F.R. § 1626.18(b), (d) (2010).  In other words, a plaintiff may sue under the ADEA so long

23  as she files a "charge" and gives the Equal Employment Opportunity Commission ("EEOC")

24  sixty days to consider it, and after she files a suit the EEOC may either dismiss the

25  administrative charge of discrimination or continue to investigate it.  Although an ADEA

1  plaintiff need not exhaust administrative remedies as a prerequisite to suit, she must file a charge

2  of discrimination with the EEOC or the equivalent state agency in the first instance and wait

3  sixty days. *See Sanchez v. Pac. Power Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998).  For the charge

4  of discrimination to be timely, the plaintiff must either file it with the EEOC directly within 180

5  days of the alleged discriminatory act or file it with the appropriate state agency within 300 days

6  of the act. *Id.* (citing 29 U.S.C. §§ 626(d)(1)–(2), 633(b)).  A charge is considered "filed with the

7  EEOC" under ADEA when it is "received" by either the EEOC itself or the equivalent state

8  agency. *Id.* (citing 29 C.F.R. §§ 1626.10(c), 1626.7).  Therefore, in order for the present suit to

9  be proper, Plaintiff must have: (1) filed a "charge" relating to the allegations in the present suit;

10  (2) filed the charge with EEOC within 180 days of the alleged discriminatory act or with Nevada

11  Equal Rights Commission ("NERC") within 300 days of the alleged discriminatory act; and (3)

12  filed the present suit sixty or more days after having filed the charge.

13       Plaintiff alleges in conclusory fashion that she filed a charge with the EEOC and satisfied

14  all applicable time limits, although she neither alleges the details of nor attaches copies of any

15  charge of discrimination, intake information form, right to sue letter, etc. (*See* Compl. ¶ 2).

16  Defendant adduces a copy of a notice of charge of discrimination (the "NOCOD") it received.

17  The NOCOD, dated March 26, 2008, indicates that Plaintiff had filed Charge of Discrimination

18  No. 550-2008-00932 (the "COD") against Defendant under both ADEA and the Americans with

19  Disabilities Act ("ADA"). (*See* NOCOD, Mar. 26, 2008, ECF No. 5-1, at 2).  The NOCOD

20  included the COD itself as an attachment and demanded a response by April 25, 2008. (*See id.*).

21  The attached COD, dated January 28, 2008, contained allegations that Defendant was not given

22  the same opportunities as younger employees and had been demoted on January 7, 2008 and

23  believed it was because of her age (then sixty-two), disability, and workers compensation claim

24  filed in May 2004. (*See* COD 2, Jan. 28, 2008, ECF No. 5-1, at 7).  Plaintiff's supervisor told her

25  the demotion was due to another employee's complaint about her that the supervisor did not

Page 6 of  10

1 explain. (*See id.*).

2      The age discrimination charge to the EEOC was timely, having been filed within 180

3 days of the demotion.  Plaintiff did not file the present case until December 24, 2010, which is

4 far more than the sixty-day waiting period required after filing the charge.  The Court therefore

5 has jurisdiction to hear the claim, although only insofar as it concerns the demotion, not the later

6 termination, because the COD does not allege any termination.  In the COD, Plaintiff alleges that

7 she was demoted from "Phlebotomy Supervisor/Lead Lab Assistant" to "Lab Tech Assistant"

8 and that her "employer ha[d] also showed favoritism toward younger female employees, offering

9 then training classes, higher positions, higher pay and other benefits that [we]re not offered to

10 me and other older employees." (*See* COD 2).  Plaintiff bases the second cause of action under

11 ADEA, however, on the allegation that younger employees "were given the opportunity to work

12 in the EKG Department instead of Plaintiff." (*See* Compl. ¶ 27).  If working in the EKG

13 Department constitutes a "higher position," as explained in the COD, then the Court has

14 jurisdiction over this claim.  Also, Plaintiff complains of the demotion in both the COD and in

15 the general allegations of the Complaint. (*See* COD 2; Compl. ¶ 8).

16      The Court finds that it has jurisdiction over the ADEA claim insofar as the harm

17 complained of is the demotion and the inability to move to the EKG Department, but these are

18 the only two injuries alleged in both the COD and the Complaint.  There is no jurisdiction over

19 the termination because it is not complained of in the COD, and no other adverse actions are pled

20 in the Complaint, although Plaintiff will be given leave to amend to add additional adverse

21 actions that fall within the scope of the injuries identified in the COD, i.e., the "higher positions,

22 higher pay and other benefits."

23      **C.      Wrongful Discharge**

24      "Under Nevada law, the absence of a written contract gives rise to the presumption that

25 employment is at will." *Brooks v. Hilton Casinos, Inc.*, 959 F.2d 757, 759 (9th Cir. 1992) (citing

1 *Vancheri v. GNLV Corp.*, 777 P.2d 366, 368 (Nev. 1989)).  At-will employment can be

2 terminated without liability by either the employer or the employee at any time and for any

3 reason or no reason, *Martin v. Sears-Roebuck & Co.*, 899 P.2d 551, 554 (Nev. 1995), with

4 limited exceptions based on "strong public policy," *see Hansen v. Harrah's*, 675 P.2d 394, 396

5 (Nev. 1984) (holding that an at-will employee can bring an action for retaliatory discharge when

6 fired in retaliation for filing a worker's compensation claim).  As Plaintiff has not specifically

7 alleged a written contract, for the purposes of the present motion the presumption of at-will

8 employment applies.

9      An employer may be liable for tortious discharge in Nevada in the context of an at-will

10 employment relationship where it terminates an employee in a way repugnant to the strong

11 public policy of the state. *Hansen*, 675 P.2d at 396.  The Supreme Court of Nevada has noted

12 that terminating an employee "for seeking industrial insurance benefits, for performing jury duty

13 or for refusing to violate the law" are examples of violations of strong public policy. *See*

14 *D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991).  Not all terminations contrary to the

15 express public policy of the state, however, necessarily implicate the strong public policy

16 exception to the at-will employment rule, *see, e.g.*, *Sands Regent v. Valgardson*, 777 P.2d 898,

17 899 (Nev. 1989) (age discrimination), and firings for garden-variety insubordination are not

18 contrary to public policy at all, *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996).  Finally,

19 termination with a mixed motivation will not support a wrongful discharge claim under Nevada

20 law; the motivation must have been purely wrongful. *Allum v. Valley Bank of Nev.*, 970 P.2d

21 1062, 1066 (Nev. 1998).

22      Here, Plaintiff alleges two tortious reasons for her termination: filing a workers

23 compensation claim and filing charges with the EEOC. (*See* Compl. ¶¶ 33–34).  Discharge in

24 retaliation for filing a workers compensation claim is actionable even by an at-will employee.

25 *See Hansen*, 675 P.2d at 396.  Plaintiff does not and could not list age discrimination as a basis

1    for wrongful discharge. *See Valgardson*, 777 P.2d at 899.  The Court concludes that if age

2    discrimination does not support the "strong public policy" exception to the at-will employment

3    doctrine, then the Nevada Supreme Court would determine that retaliation for having filed an

4    age discrimination complaint does not support the exception either.  Plaintiff also included an

5    ADA claim in her COD to the EEOC.  But the Nevada Supreme Court has not adopted disability

6    discrimination as an exception to the at-will employment doctrine, and the Court therefore finds

7    that retaliation for having filed an ADA complaint does not support the "strong public policy"

8    exception either. *See Herman v. United Bhd. of Carpenters & Joiners of Am., Local 971*, 60 F.3d

9    1375, 1385 (9th Cir. 1995) (predicting that in light of *Valgardson* the Nevada Supreme Court

10   would not apply the exception in cases of disability discrimination).  In conclusion, Plaintiff's

11   wrongful discharge claim must rely on alleged retaliation for her having filed the workers

12   compensation claim.

13      Defendant argues that there is no nexus between the workers compensation claim filed in

14   2004 and the adverse employment actions in 2008.  Defendant is correct.  Plaintiff has simply

15   alleged in conclusory fashion that her 2009 termination was in retaliation for her having filed for

16   workers compensation benefits in 2004.  She pleads no facts making a nexus between the two

17   plausible, and as a matter of law a five-year temporal proximity cannot support a finding of

18   causality without more. *Cf. Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001)

19   (twenty-month gap insufficient in a Title VII retaliation case, without more, although a three- or

20   four- month gap might suffice without further evidence of causation).[2]  Plaintiff could cure this

21   claim by amendment.

22   ///

23

24      [2]The Nevada Supreme Court adopted this reasoning in an unreported workers
     compensation retaliation case. *See Hardy v. Chromy*, No. 53956, 2010 WL 5541181, at \*5 (Nev.
25   Dec. 20, 2010).

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED in

3   part, with leave to amend.

4        IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 10) is GRANTED.

5        IT IS SO ORDERED.

6   Dated this 24th day of October, 2011.

7

8                                    _____
                                     ROBERT C. JONES
                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25